SAM COSTELLO ET AL., Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1934.*

ROBERT A. MEIER, JR., for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

This claim was filed March 15, 1933 and asks an award for damages in the sum of Fifty-seven and 03/100 Dollars ($57.03) by reason of a collision by a certain truck, belonging to the State of Illinois, and then and there operated by employees of the State in the Department of Public Works and Buildings, Division of Highways, with a truck then owned and operated by the claimant. The declaration alleges that on November 15, 1932, while claimant's servants were driving the said truck of claimant on State Bond Issue Route No. 7 near the City of Morris, Illinois, the said truck of respondent was so negligently and carelessly operated by the State employee in question that a collision occurred, resulting in damages and necessary repairs in the sum of $57.03.

The Attorney General has filed a motion to dismiss the claim for the reason that it is sought to recover damages caused by the alleged negligence of an employee of the State, i. e., the driver of the State truck; that there is no legal ground for liability against the State for damages so caused, and that the rule of *respondeat superior* does not apply.

From the files it appears that the State truck in question was equipped with a snow plow and was engaged, at the time, in plowing snow on S. B. I. Route No. 7; that the plow struck some slight obstruction and the truck skidded against the pavement and in so doing hit the truck of claimant. The courts have had occasion many times to consider the question of liability for damages in connection with the maintenance of its hard road system. Cases cited by the Attorney General are in point, and as is there stated:

"In the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability. Such has been the settled decision of this court for many years."

*Bucholz, Admx.* vs. *State,* 7 C. C. R. 241, 243.
*Sapp* vs. *State,* 7 C. C. R. 89.
*Morrissey* vs. *State,* 2 C. C. R. 454.
*Minear* vs. *State Board of Agriculture,* 259 Ill. 549.

The rule of *respondeat superior* does not apply, and the court is of the opinion that the motion to dismiss should be allowed.

Motion to dismiss allowed.